50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Lewis JONES, Plaintiff-Appellant,
v.
MARICOPA COUNTY, et al., Defendant-Appellee.
 No. 94-15947.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 13, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Lewis Jones, an Arizona state prisoner, appeals pro se the district court's order staying his 42 U.S.C. Sec. 1983 action pending exhaustion of his state and federal habeas corpus remedies. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand with instructions to dismiss the action without prejudice.
 
 
 3
 A section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Heck v. Humphrey, 114 S.Ct. 2364, 2372-74 (1994).[1]
 
 
 4
 In his amended complaint, Jones alleged that he was denied effective assistance of counsel because he was black and indigent. Specifically, Jones states that the "defendants refuse to fund the defense [of indigent minorities] adequately" and that he is "innocent and would have been found innocent if these customs and traditions would not have existed." Despite Jones's contentions to the contrary, these allegations necessarily imply the invalidity of his conviction, calling into question his Sixth Amendment right to effective assistance of counsel. See, e.g., Gideon v. Wainwright, 372 U.S. 335, 344 (1963); Strickland v. Washington, 466 U.S. 668, 684-86 (1984); Mason v. Arizona, 504 F.2d 1345, 1351-52 (9th Cir.1974), cert. denied, 420 U.S. 936 (1975) (in habeas action, court held that the denial of funds for investigative and other litigation expenses, when necessary, can result in "ineffective trial representation" of indigent criminal defendant). Jones has not, however, shown that his conviction was invalidated by a state or federal court. See Heck, 114 S.Ct. at 2372-73. Thus, Jones's section 1983 action against these defendants has not accrued. Id. at 2374.
 
 
 5
 Accordingly, we vacate the district court's order staying Jones's claims relating to the validity of his conviction with instructions to dismiss the action without prejudice so that Jones can refile his complaint should he succeed in challenging the constitutionality of his conviction. See id. at 2372-74.
 
 
 6
 VACATED and REMANDED with instructions.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Supreme Court's decision in Heck applies retroactively to the instant case because the Court applied the rule announced in Heck to the parties in that case. See Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510, 2517 (1993) (no court may refuse to apply rule of federal law retroactively once the Court applies it to the parties before it)